**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINGQIANG CHEN, | No. 11-71323 |
| Petitioner, | Agency No. A099-066-717 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2015[**]
Honolulu, Hawaii

Before: TASHIMA, N.R. SMITH, and FRIEDLAND, Circuit Judges.

Mingqiang Chen petitions for review of a decision of the Board of

Immigration Appeals ("BIA"), adopting and affirming the immigration judge's

("IJ") denial of his applications for asylum and withholding of removal. The IJ

denied Chen's asylum application, because the application was untimely. As to the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal application, the IJ denied Chen's claims of past and future persecution based on adverse credibility grounds. The IJ also denied his withholding of removal application, because Chen failed to show an objectively reasonable fear of future persecution on account of his religion. We grant the petition and remand.

1. The BIA determined that Chen failed to file his asylum application within one year of entering the United States. Citing to 8 U.S.C. § 1158(b)(1)(B)(ii), the BIA opinion suggests that corroborative evidence was required for Chen to make such a showing. In *Singh v. Holder*, 649 F.3d 1161, 1168-69 (9th Cir. 2011) (en banc), we held that the statutory corroboration provision in § 1158(b)(1)(B)(ii) does not apply to an applicant's burden of proving that he filed his application within one year of arrival to the United States. However, we recognized that a petitioner's testimony alone may not meet the clear and convincing standard of proof. *Id. Singh* took no position on whether, in a situation in which the applicant's credible testimony does not alone meet the clear and convincing standard of proof, an IJ "may weigh the lack of reasonably available corroborating evidence in assessing compliance with the standard." *Id.* at 1168-69. Here, neither the BIA nor the IJ suggested that Chen's testimony, by itself, did not meet the clear and convincing standard. Because we are unable to determine whether the BIA

2

would have reached this same conclusion if it had applied the correct legal standard, we remand for further proceedings. *See Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) ("Without knowing the basis of the Board's decision, we cannot conduct a meaningful review.").

2.     Substantial evidence does not support the IJ's adverse credibility finding. The IJ's conclusion that Chen's omission of the police beating was significant and went to the heart of Chen's case is insufficient to support the adverse credibility finding. First, Chen was not confronted with this perceived inconsistency. Therefore, Chen was denied a reasonable opportunity to explain. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009). Second, the IJ misconstrued the record as to the police beating and Chen's resulting injury (the perceived inconsistency). *See Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052 (9th Cir. 2002) (rejecting adverse credibility finding based on "perceived inconsistencies not based on the evidence"). The BIA furthered these errors by misconstruing the record as to Chen's alleged explanation for the inconsistency and his arguments on appeal

regarding omissions of detail. For these reasons, we remand to the BIA for further proceedings.[1]

3.     Because substantial evidence does not support the IJ's and BIA's conclusions regarding asylum and withholding of removal, we need not reach the other issues raised on appeal.

**PETITION GRANTED and REMANDED.**

---

[1] The IJ addressed other inconsistencies with regard Chen's testimony. It is unclear whether the IJ relied on the additional inconsistencies when making the adverse credibility finding. Nevertheless, these inconsistencies were either trivial, *see Martinez-Sanchez v. INS*, 794 F.2d 1396, 1400 (9th Cir. 1986), or do not support an adverse credibility finding, because Chen was not confronted with them, *Soto-Olarte*, 555 F.3d at 1091-92.